**Eddie Lee GRIMES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17299.**

Court of Criminal Appeals of Oklahoma.

July 19, 1972.

James O. Braly, Durant, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

BUSSEY, Presiding Judge:

Appellant, Eddie Lee Grimes, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Bryan County, Oklahoma, for the offense of Attempting to Elude a Police Officer. His punishment was fixed at thirty (30) days imprisonment in the county jail and a fine of Two Hundred Fifty Dollars ($250.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Trooper Spencer testified that early in the morning of May 9, 1971, he was traveling north toward Durant, Oklahoma, on Highway 69. He observed a vehicle at a high rate of speed going in the opposite direction. He turned around and started pursuing the vehicle, and did not catch up with it until just south of the city limits of Calera. He turned on his red light and the driver stopped the vehicle. He asked the driver, whom he identified in court as the defendant, to have a seat in the patrol car, and asked to see his driver's license. The defendant showed him a ticket which had been issued to him by another trooper who informed him that it would be

his driver's license. Trooper Spencer talked to Trooper Squires on the radio and ascertained that the defendant did not have a valid driver's license. He informed the defendant that he was going to take him to the county jail until he could see a magistrate. Defendant stated that he had to turn the key off in his car and jumped out and ran toward his own vehicle. Trooper Spencer followed the defendant to the vehicle and ordered him to get out of the car. Instead, the defendant sped away. The trooper took pursuit, turned on his red light and siren, and followed the defendant at speeds of 75 miles per hour. Defendant finally stopped his car and fled on foot through a pasture. Trooper Spencer stopped his patrol car behind the defendant's vehicle, and fired three shots in the air, yelling for the defendant to stop. The defendant kept running, and after a chase on foot, managed to elude the officer. The trooper returned to his patrol car and radioed for assistance. He checked several houses in the vicinity and did not find the defendant. He continued to patrol up and down the road and observed a pickup truck. He stopped the pickup truck and observed the defendant crouched down on the floorboard. The defendant was placed under arrest and transported back to town.

Cecil Thompson testified that the defendant came to his house about 3:40 in the morning. He stated that he had had a wreck over by the lake and that his wife was hurt. He asked Thompson to take him to Colbert to his dad's so he could come back and pick up his wife. He testified that they got in his pickup and proceeded east until the trooper stopped them. He testified that the trooper came up to the car, turned on his flashlight, and the defendant "hunkered down in my pickup."

Defendant did not testify, nor was any evidence offered in his behalf.

Defendant asserts five propositions of error, none of which contain sufficient merit to warrant discussion in this Opinion. We need only observe that the evidence of defendant's guilt is overwhelming, and further, that the record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.

SIMMS and BRETT, JJ., concur.